# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH BOUTTE | CIVIL ACTION NO. 6:17-CV-1072 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| D.A. 15TH JDC, ET AL. | MAGISTRATE JUDGE PATRICK J. HANNA |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Joseph Boutte, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 21, 2017. It was transferred to the Western District of Louisiana on August 24, 2017 [Rec. Doc. 4] and an Amended Complaint, filed on forms approved by the Western District, was filed on September 12, 2017 [Rec. Doc. 8]. Plaintiff is no longer in custody.

He names District Attorney 15th Judicial District Court, Jules D. Edwards, Keith A. Stutes and Alan Haney as defendants and seeks compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

At the time of filing the instant suit, plaintiff was in the custody of the Louisiana Department of Corrections, serving a ten (10) year sentence. According to his Complaint, the Louisiana Third Circuit Court of Appeals rendered a judgment in his favor on March 27, 2015, vacating his ten year sentence and reinstating a seven year sentence. [Rec. Doc. 8, p. 3] As of the date of his filing the

Amended Complaint in this matter, he was fourteen (14) days over his full-term date. *Id.* He complains that he missed out on work-release and rehabilitation programs due to the defendants' negligence and disregard for paperwork sent to them. *Id.* He also alleges that Judge Jules D. Edwards and A.D.A. Alan Haney were very "vindictive" towards him. *Id.* Plaintiff prays for financial compensation for missing one year of work-release and for pain and suffering and emotional distress.

## Law and Analysis

### 1. Screening

At the time of filing of this suit, plaintiff was a prisoner permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327 (1989).

## 2. Defendants' Immunity from Suit

Any claim for monetary damages against the 15th Judicial District Court's District Attorney's Office, District Attorney Keith A. Stutes or Assistant District Attorney Alan Haney is barred by the doctrine of absolute immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff has specifically alleged that he "missed out on work-release and rehabilitation programs due to [District Attorney's Office, Keith A. Stutes and Alan Haney's] negligence." [Rec. Doc. 8, p. 3] Further, he has not alleged conduct on the part of the district attorneys that would fall outside of their role as State's advocate. As such, the are entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

3

Moreover, plaintiff's claims against Judge Jules D. Edwards arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the claims against Judge Edwards meet the criteria set forth above, he is immune from suit

### *3. No Constitutional Right to Work-Release*

Plaintiff's suit implies that he has a Constitutional right to participate in a work-release and rehabilitative program, presumably pursuant to the due process clause of the Fourteenth Amendment. However, plaintiff has neither a liberty nor property interest in these programs and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's (LDOC's) work-release program, entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994).

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an

arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). The Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995).

In addition, the law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *McBride v. Powers*, 364 Fed. Appx. 867, 870 (5th Cir. 2010) ("McBride also failed to state a claim for violation of his equal protection or due process rights, as inmates have no constitutional right to participate in rehabilitative or educational programs while incarcerated..") (citing *Moody, supra*); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners.")

Plaintiff is not entitled to participate in any particular work-release or rehabilitative program and therefore, to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

### *4. Emotional Distress/ Pain and Suffering*

Finally, plaintiff also seeks damages for pain and suffering and emotional distress. However,

5

Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As plaintiff has not alleged a physical injury, these claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana November 6, 2017.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**